# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA OUSHANA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, et al.,<br><br>Defendants. | Case No. 1:16-cv-01782-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 12, 13, 14, 15, 16)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiffs Nora Oushana ("Plaintiff Oushana") and Scarlet Karamian's ("Plaintiff Karamian") motion for leave to file a second amended complaint,[1] which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 7, 2017, the Court vacated the April 12, 2017 hearing and took the matter under submission.

## I.

## BACKGROUND

On August 10, 2016, Plaintiffs filed the complaint in this action in the Superior Court of California, County of Stanislaus, alleging a claim for general negligence. (ECF No. 1 at 10-14.[2]) On August 30, 2016, Plaintiff filed an amendment naming Lowe's Home Center, LLC,

---

[1] The Court refers to Plaintiff's proposed amended complaint as the second amended complaint. On August 30, 2016, Plaintiff filed an amendment to the complaint naming Lowe's Home Center as Doe 1, which the Court considers the first amended complaint.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

1 ("Defendant Lowe's") as a defendant.  Also on that date, Plaintiffs filed a request for dismissal
2 without prejudice as to Defendants Lowe's Companies, Inc., and Lowe's HIW, Inc.  The
3 dismissal was entered on August 30, 2016.  On September 12, 2016, Defendant Lowe's filed its
4 answer to Plaintiff's complaint.  On October 24, 2016, Plaintiffs each served a statement of
5 damages.  On November 16, 2016, Plaintiffs served a case management conference statement.
6 On November 18, 2016, Defendant Electrolux Home Products, Inc. ("Defendant EHP") filed its
7 answer to Plaintiff's complaint and served a request for prior pleadings.

On November 23, 2016, Defendant Lowe's removed this action to the Eastern District of California.  (ECF No. 1.)  On January 17, 2017, the parties filed a joint scheduling report.  (ECF No. 8.)  On January 24, 2017, the Court held a scheduling conference, and the pretrial scheduling order issued in this action on January 26, 2017.  (ECF Nos. 10, 11.)

Plaintiffs filed a motion for leave to file an amended complaint and a request for judicial notice on March 10, 2017.[3]  (ECF No. 12.)  On March 28, 2017, Defendant EHP filed an opposition to the motion and an objection to Plaintiffs' request for judicial notice.  (ECF No. 13.)  On March 29, 2017, Defendant Lowe's filed an opposition to the motion and objections to Plaintiffs' request for judicial notice.  (ECF No. 14.)  On April 5, 2017, Plaintiffs filed a reply to Defendant EHP's opposition and a reply to Defendant Lowe's opposition.  (ECF Nos. 15, 16.)

## II.

## LEGAL STANDARD

Plaintiffs seek leave to file a second amended complaint under Rule 15 of the Federal Rules of Civil Procedure.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.

---

[3] The Court denies Plaintiffs' request to take judicial notice of a copy of an opinion, Civil Case No. 12-3341 (NLH/AMD) located through the website, Justia.com, of a class action against Electrolux Home Products, Inc. filed in the United States District Court for the District of New Jersey ("New Jersey case").  The New Jersey case is irrelevant to the motion currently before the Court.  It appears that Plaintiffs argue that the New Jersey case shows that Defendants have been on notice of the product liability claims involving certain Frigidaire models on the basis of defective ice makers that fail to make ice and cause refrigerators to leak.  However, as discussed below, any undue delay and prejudice to Defendants is based on when Plaintiffs took actions to amend in this action.

Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Rule 16 of the Federal Rules of Civil Procedure provides that the schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Therefore, the moving party who seeks to amend a complaint and modify the scheduling order must first demonstrate that good cause exists for the modification of the scheduling order and, if good cause is shown, the party must demonstrate that the proposed amendment is proper under Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

## III.

## DISCUSSION

Plaintiffs seek to file a second amended complaint adding claims for products liability-negligence liability, products liability-strict liability, actual fraud/deceit, negligent misrepresentation, constructive fraud, and breach of the implied warranty of fitness. Plaintiffs assert that Defendants will suffer no prejudice if they are allowed to amend the complaint and that they do not have a bad faith or dilatory motive in seeking to amend their complaint. Defendant EHP opposes the motion on the grounds that there is strong evidence of undue delay, undue prejudice to Defendants, and futility of the amendments. Defendant Lowe's opposes the motion on the grounds that the motion to amend is the product of undue delay, is not supported by good cause, is prejudicial to Defendant Lowe's, and is proposed in bad faith and/or is futile.

1    As Defendant Lowe's argues that Plaintiffs have not shown good cause to amend, the
2 Court first addresses whether the good cause standard applies to the instant motion for leave to
3 file the second amended complaint.

4    **A.    Good Cause to Amend Scheduling Order**

5    The scheduling order in this matter provided that "[a]ll proposed amendments must (A)
6 be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any
7 modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
8 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not
9 (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or
10 (4) futile, *see* Forman v. Davis, 371 U.S. 178, 182 (1962)."

11   Here, the proposed amendment does not require any modification to the existing
12 schedule. Therefore, pursuant to the scheduling order, Plaintiffs do not need to show good cause
13 pursuant to Fed. R. Civ. P. 16(b) in order to amend the complaint.

14   **B.    Amendment Pursuant to Rule 15**

15   The Court now discusses whether the five factors that courts consider when deciding a
16 motion for leave to amend weigh in favor of granting Plaintiffs' motion for leave to amend.

17        1.    Undue Delay

18   Plaintiffs seek leave to amend the complaint because since filing the complaint and
19 conducting discovery, they have discovered additional information that the model of the
20 refrigerator in this action was also the subject of a New Jersey class action. Plaintiffs argue that
21 the facts which are the basis of the new claims were not discovered until about October 2016.
22 According to Ms. Sicard's declaration, after she received discovery requests on or about October
23 7, 2016, she traveled to Plaintiff Oushana's home for the first time and she inspected the
24 refrigerator which is purported to be the same model as the refrigerator that is the subject of this
25 action. (March 9, 2017 Decl. of Lori K. Sicard at ¶¶ 3-4, ECF No. 12-2.) In preparing Plaintiffs'
26 discovery responses, she conducted research regarding Frigidaire model refrigerators and found
27 evidence of other actions which had been filed due to defects in particular Frigidaire
28 refrigerators. (Id. at ¶ 5.) She declares that this discovery gave rise to the new causes of action

which Plaintiffs seek to add.  (Id. at 6.)

Therefore, Plaintiffs were aware of the need to amend the complaint in October 2016. However, Plaintiffs waited until March 10, 2017, to file their motion to amend.  Plaintiffs assert that Defendants were put on notice of Plaintiffs' intent to file an amended complaint adding a products liability claim in January 2017 during discussions for the scheduling conference. Plaintiffs contend that Defendants were on notice that Plaintiffs intended to file for punitive damages as far back as October 2016 because that is when Plaintiffs each served a statement of damages.  Plaintiffs also assert that Defendants were on notice that Plaintiffs intended to make a products liability claim because the language in the form complaint stated that Plaintiff Oushana was injured due to a water leakage from a "defective refrigerator manufactured and distributed by Defendants."  (ECF No. 1 at 13.)

However, Plaintiffs did not actually seek to bring a products liability claim or any of the causes of action in their second amended complaint until March 10, 2017, and did not give any indication to Defendants that they actually would be adding these new claims until January 2017. As Plaintiffs acknowledge, they did not check the products liability box on the original complaint form.  (ECF No. 1 at 12, 14.)  Defendants could not be expected to guess what claims Plaintiffs wanted to bring or intended to bring.  Plaintiffs were in control of what claims to bring in this action and chose to only bring a general negligence claim at the time they filed their complaint.

The Court finds that Plaintiffs exhibited undue delay in failing to move for leave to amend the complaint for approximately five months after learning the new facts, especially in light of the fact that they waited until after Plaintiff Oushana's December 2016 deposition to seek leave to amend.

       2.      <u>Prejudice to Defendants</u>

Defendants argue that the new causes of action would "radically shift" the nature of the case and require Defendants to undertake an entirely new course of defense.  Plaintiffs reply that the parties have conducted little discovery in this action and therefore there would be no prejudice to Defendants due to the amendment of the complaint.  Here, there are over six months

5

remaining until the non-expert discovery deadline. At the time Plaintiffs filed the instant motion, the parties were only approximately one month into the discovery period following the Court's scheduling order, which issued on January 26, 2017.[4] Therefore, Defendants will have the opportunity to conduct discovery on the new claims and the fact that Defendants may have to undertake a new course of defense is not sufficient to show that Defendants will suffer prejudice considering the time remaining in discovery.

Defendants also argue that they will suffer prejudice because Plaintiff Oushana was deposed on December 27, 2016, and they are now deprived of the opportunity to ask her questions about the new causes of action. In their reply, Plaintiffs argue that discovery has recently commenced and Defendant Lowes still has the opportunity to take Plaintiff Karamian's deposition and the depositions of other witnesses. While Defendants can take other witnesses' depositions, they will not have the opportunity to ask Plaintiff Oushana questions related to these new causes of action, which are different from the current negligence cause of action.

The Court finds that Defendants have demonstrated that they would suffer prejudice should they be unable to depose Plaintiff Oushana a second time. However, the Court does not find any other prejudice to Defendants. Any prejudice to Defendants can be remedied by allowing Defendants to depose Plaintiff Oushana a second time at her expense. Therefore, the Court finds that the prejudice to Defendants does not weigh against granting Plaintiffs' motion to amend, except Defendants should be allowed to depose Plaintiff Oushana a second time at her expense.

### 3. Futility of Amendment

Defendants argue that Plaintiff's amended complaint is futile. Defendants argue that Plaintiffs' proposed causes of action for actual fraud, negligent misrepresentation, and

---

[4] The Court does recognize that the parties had already been conducting discovery prior to the scheduling conference. The Court notes that because Plaintiffs knew about the new causes of action at the time of the scheduling conference when the Court was setting the discovery deadlines, the Court will not find that amendment of the complaint to add these new causes of action constitutes good cause to extend the discovery deadlines. The parties must work within the time frames set forth in the scheduling order. However, in light of the court's ruling if the Defendants feel that inadequate time exists to conduct discovery, efforts should be made to set up a second scheduling conference with the court so that any dates can be amended now and not on the eve of the discovery deadline. Otherwise, the deadlines are set and any future amendments will not change those dates..

1 constructive fraud are futile because they would not survive a motion to dismiss because they fail 2 to state a claim upon which relief can be granted.  Defendant EHP also argues that the proposed 3 causes of action for breach of implied warranty of fitness and breach of the covenant of good 4 faith and fair dealing[5] are futile because they fail to state a claim upon which relief can be 5 granted.

6 An amendment is futile when "no set of facts can be proved under the amendment to the 7 pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–8 Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  At this stage of the proceedings, the Court is to 9 accept the factual allegations in the complaint as true and dismissals under Rule 12(b)(6) are not 10 to be based on the judge's disbelief of the factual allegations.  Neitzke v. Williams, 490 U.S. 11 319, (1989), superseded by statute on other grounds.  On a motion to dismiss, review is confined 12 to the complaint and the court typically does not consider material outside the pleadings.  U.S. v. 13 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008).

14 **a.    Actual fraud and constructive fraud claims**

15 Defendant EHP argues that Plaintiffs have not, and cannot, allege that they relied on false 16 representations or information concealed by EHP and Lowe's.  Defendant Lowes argues that 17 Plaintiffs' second amended complaint does not and cannot state claims for fraud.  Defendant 18 Lowes asserts that Plaintiffs have no evidence that it committed any fraud or had any knowledge 19 of any fraud by Defendant EHP. Defendant EHP points to sections of Plaintiff Oushana's 20 deposition testimony where she states that the refrigerator was a surprise from her daughter, she 21 did not know the manufacturer, brand, or model of the refrigerator, never contacted the 22 manufacturer, and her daughter handled everything regarding the refrigerator.  (Nora Oushana 23 Depo 76:11-25.)  Plaintiffs argue that the element of reliance is a factual question that cannot be 24 decided at this point in the litigation and that any issues regarding visits by Plaintiffs to 25 Defendant EHP's website is an issue to be resolved in discovery.  See Alliance Mortgage Co. v. 26 Rothwell, 10 Cal.4th 1226, 1239 (1995).

---

[5] The Court notes that Plaintiffs' proposed second amended complaint does not contain a claim for breach of the covenant of good faith and fair dealing.

1    In alleging fraud claims, the plaintiff has to meet a heightened pleading standard. "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and brackets omitted). However, the plaintiff need only "provide enough detail to give [the defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [he] can defend against the charge and not just deny that [he has] done anything wrong." Id. at 999 (internal quotation marks omitted).

Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.' " Anderson v. Deloitte & Touche LLP, 56 Cal.App.4th 1468 (1997) (quoting Molko v. Holy Spirit Ass'n., 46 Cal. 3d 1092 (1988)). Further, " '[a] fraud claim based upon the suppression or concealment of a material fact must involve a defendant who had a legal duty to disclose the fact.' " Hoffman v. 162 N. Wolfe LLC, 228 Cal.App.4th 1178 (2014) (citing Cal. Civ. Code § 1710(3)). To allege actual reliance on misrepresentations with the required specificity for a fraud count, "[t]he plaintiff must plead that he believed the representations to be true ... and that in reliance thereon (or induced thereby) he entered into the transaction." Beckwith v. Dahl, 205 Cal.App.4th 1039, 1063 (2012) (citations omitted).

Here, the Court considers the facts alleged in the second amended complaint as well as whether facts could be alleged to state a valid and sufficient claim. The second amended complaint states that Plaintiff Oushana's daughter had purchased the refrigerator for Plaintiff Oushana with the intention that the refrigerator would be used by Plaintiff Oushana at her home. (SAC at ¶ 8, ECF No. 12-2.) Plaintiff Oushana had invited her friend, Plaintiff Karamian, to visit her on the day the refrigerator was delivered to help her empty the old refrigerator and fill the new refrigerator. (SAC at ¶ 9.) Plaintiff Oushana recalls that two men came to her residence and installed the new refrigerator for approximately twenty minutes. (SAC at ¶ 11.)

Plaintiffs allege that Defendant EHP made fraudulent representations regarding their

Frigidaire brand refrigerators, including the model that is the subject of this action on their website. (SAC at ¶ 24.) Defendant EHP claimed that they are a leader in kitchen appliances, they are the only appliance manufacturer in the world to offer complete solutions for both consumers and professionals, and Michelin star restaurants in Europe are equipped with Electrolux products. (SAC at ¶¶ 24, 57.) Defendant EHP advertises to the public that it engages in "Consumer Driven Innovation" stating "Electrolux's thoughtfully designed products are the result of continuous investment in our consumer research to develop products that meet consumer needs." (SAC at ¶¶ 25, 58.) Defendant Lowe's made and continues to make representations on their website, such as "Our high-performing, time-saving, easy-to-use kitchen appliances help you get the job done right." (SAC at ¶¶ 26, 60.) Defendants continued to sell and install products without warning consumers including Plaintiff Oushana that the product was prone to leakage. (SAC at ¶ 27.) Defendants continued to advertise the products as good and effective products at the time the product was purchased for use in Plaintiff Oushana's home. (SAC at ¶ 27.) Defendants failed to recall the product though it was known to leak and were on notice of recurring issues through complaints and civil actions at the time Plaintiff Oushana's daughter purchased the product and it was placed in Plaintiff's home. (SAC at ¶ 28.)

Plaintiffs also allege that "Plaintiffs, as foreseeable users, relied on these misrepresentations and as a result, accepted the installation of the refrigerator in their home which leaked and caused their injuries." (SAC at ¶ 56.)

When the Court considers the allegations in the second amended complaint, the Court finds that Plaintiffs have not stated claims for fraud. Plaintiffs have not alleged facts that they relied upon the representations of Defendants in entering into the transaction. Plaintiffs set forth a conclusory statement that they relied on the misrepresentations, but this conclusory statement is not sufficient to meet the pleading standard. However, there are facts that could be alleged and proved under the amendment to the pleadings that would constitute a valid and sufficient claim. While Defendants point to facts in Plaintiff Oushana's deposition and the absence of allegations in the second amended complaint, it is not clear that the claims could not be saved by amendment. Therefore, it would not be futile to allow Plaintiffs to allege claims for fraud.

### b. Negligent misrepresentation claim

The essential elements of a count for negligent misrepresentation are the same as the elements for intentional misrepresentation except it does not require knowledge of falsity, but instead requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true. See West v. JPMorgan Chase Bank, N.A., 214 Cal.App.4th 780, 792 (2013).

Plaintiffs assert in the second amended complaint that "Plaintiffs were foreseeable users and/or consumers in the class of persons the Defendants knew would rely upon the representations that the refrigerator was safe and would work as it was advertised." (SAC at ¶ 70.) Plaintiffs also assert that "Plaintiffs justifiably relied upon the assertions of product safety and effectiveness, that reliance was reasonable and justifiable." (SAC at ¶ 71.) Even under the Rule 8(a) pleading standard, Plaintiffs do not state a claim for negligent misrepresentation because they do not sufficiently allege reliance. Plaintiffs allege that they justifiably relied upon the assertions of product safety, but these conclusory allegations are insufficient to state reliance for a claim of negligent misrepresentation. However, there are facts that could be alleged and proved under the amendment to the pleadings that would constitute a valid and sufficient claim. Therefore, it would not be futile to allow Plaintiffs to allege a claim for negligent misrepresentation.

### c. Breach of implied warranty of fitness claim

Defendant EHP argues that the breach of implied warranty of fitness claim is futile because it is undisputed that Plaintiffs did not purchase the refrigerator and vertical privity is required to state a claim. Vertical privity is a requirement for the recovery on a claim for the breach of implied warranty of fitness. See U.S. Roofing, Inc. v. Credit Alliance Corp., 228 Cal.App.3d 1431, 1441 (citations omitted). In U.S. Roofing, Inc., the California Court of Appeal for the Third District found that there was evidence that the jury could find the necessary privity because of the direct dealings between two entities for the sale and purchase of the crane even though they were not the two entities who entered into the paper contract. Id. at 1442.

In the second amended complaint, Plaintiffs allege that Plaintiff Oushana was the

intended beneficiary of the purchase of the refrigerator and that Defendants knew or had reason to know that Plaintiff Oushana intended to use the refrigerator for the purpose of keeping cool perishable items in her home. (SAC at ¶ 80.) Plaintiffs allege that Defendants at the time of purchase knew or had reason to know that Plaintiff Oushana, and any foreseeable user of said product was relying on Defendants skill, expertise, and reputation to provide a consumer good that was suitable for that particular purpose. (SAC at ¶ 81.) Plaintiffs also allege that Plaintiff Oushana justifiably relied on Defendants' skill, expertise, and reputation as a brand in accepting the refrigerator for that particular use in her home and for the benefit of her invitees. (SAC at ¶ 82.)

Here, Plaintiffs have alleged facts that when Plaintiff Oushana's daughter bought the refrigerator, it was purchased for Plaintiff Oushana, the refrigerator was delivered to Plaintiff Oushana's home, and it was installed in her home. Therefore, the Court finds that there are sufficient facts in the second amended complaint to suggest privity between Plaintiff Oushana and Defendants sufficient for Plaintiff Oushana. Further, there are also facts that could be alleged and proved under the amendment to the pleadings that would constitute a valid and sufficient claim for Plaintiffs. It is not clear that the claims could not be saved by amendment. Therefore, it would not be futile to allow Plaintiffs to add a claim for breach of the implied warranty of fitness.

### 4. Bad Faith

Defendant Lowe's argues that Plaintiffs are acting in bad faith in seeking to file their second amended complaint because some of the claims that Plaintiffs seek to add are futile. A party acts in bad faith when it seeks to amend its pleadings solely for a "wrongful motive" such as unnecessary delay or harassment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Here, there is no indication that Plaintiffs are acting in bad faith in seeking to add their new claims.

### 5. Whether Plaintiffs Have Previously Amended Their Complaint

The final factor for the Court to consider is whether Plaintiffs have previously amended their complaint. Here, Plaintiffs have filed one previous amendment to their complaint to name

Defendant Lowe's as Doe 1. As Plaintiffs have not filed any other amendments, this factor weighs in favor of granting Plaintiffs leave to amend the complaint.

6. <u>Factors Weigh in Favor of Amendment</u>

The Court finds that Plaintiffs have demonstrated that the factors to be considered under Rule 15 weigh in favor of granting amendment of the complaint. However, if Plaintiffs choose to file their second amended complaint, Defendants should be allowed to depose Plaintiff Oushana again at her expense.

**IV.**

**RECOMMENDATIONS**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiffs' motion for leave to file a second amended complaint be GRANTED. If Plaintiffs choose to file a second amended complaint adding their new causes of action, Defendants should be entitled to depose Plaintiff Oushana a second time at Plaintiff's expense.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 7, 2017**

UNITED STATES MAGISTRATE JUDGE