# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA OUSHANA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, et al.,<br><br>Defendants. | Case No. 1:16-cv-01782-AWI-SAB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 12, 13, 14, 15, 16, 18, 19, 20) |

## I. Introduction

Plaintiffs Nora Oushana and Scarlet Karamian filed this action in the Superior Court of California, County of Stanislaus, on August 10, 2016. The action arises from injuries to Plaintiffs Oushana and Karamian caused by a leak in a Frigidaire brand refrigerator manufactured by Defendant Electrolux Home Products, Inc. ("Defendant EHP") and sold by Defendant Lowe's Home Center, LLC ("Defendant Lowe's"). On November 23, 2016, this action was removed by Defendant Lowe's Home Center, LLC ("Defendant Lowe's"). Plaintiffs filed a motion for leave to file an amended complaint and a request for judicial notice on March 10, 2017. Doc 12. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 7, 2017, the Magistrate Judge filed a findings and recommendations. Doc. 18. The findings and recommendations denied Plaintiffs' request for judicial notice and

recommended granting Plaintiffs' motion for leave to file a second amended complaint. The Magistrate Judge recommended that Defendants be permitted to depose Plaintiff Oushana a second time at Plaintiff's expense if Plaintiffs choose to file a second amended complaint adding their new cause of action. The findings and recommendations was served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days (14) days from the date of service. On April 21, 2017, Defendant EHP filed objections to the findings and recommendations. Doc. 19. On April 21, 2017, Defendant Lowe's filed objections to the findings and recommendations. Doc. 20. Plaintiffs did not file a response to the objections.

Defendant Lowe's objects to virtually all of the conclusions arrived at by the magistrate judge. Some of those objections are of merit. Defendant EHP seeks clarification on the Magistrate Judge's findings and recommendations. This Court will outline the substance of the proposed amendment and discuss the substance of Lowe's objections below.

Plaintiffs' original complaint set forth one cause of action for negligence. Doc. 1 at 12. They now seek to allege six (at least partially different) theories of relief—"products liability (negligence liability), products liability (strict liability), actual fraud, negligent misrepresentation, constructive fraud, and breach of the implied warranty of fitness." Doc. 12-2.

## II. Legal Standard

Rule 15 directs that leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts read Rule 15 to require "extreme liberality" in granting amendment. *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Balanced against the preference for granting leave to amend are the factors originally articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962): (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *See Chudacoff v. University Med. Ctr. of Southern Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011); *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The factors are not of equal weight. While futility alone is a

sufficient reason to deny amendment, *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003), delay, by itself, is not, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### III. Discussion

A. Prior Amendment

As Plaintiff details in her motion to amend, Plaintiff amended her complaint at the state court level to join Defendant EHP. Doc. 12-1 at 4. No additional claims were joined at that time. This factor does not weigh against amendment.

B. Undue Delay

Plaintiffs' counsel alleges that she first learned of the facts giving rise to the new claims on or around October 7, 2016, when counsel travelled to Plaintiff Oushana's home. Doc. 12-1 at 5; Declaration of Lori K. Sicard, Doc. 12-2 ("Sicard Decl.") at ¶¶ 3-4. Specifically, counsel learned of the model of the refrigerator "during [her] in-person interview" of Plaintiff Oushana. Sicard Decl. at ¶ 4. At some unspecified time prior to serving discovery responses, counsel then conducted "research regarding Frigidaire model refrigerators" and discovered the existence of other product liability actions regarding "defective and leaking Frigidaire refrigerators." Doc. 12-1 at 5; Sicard Decl. at ¶¶ 5-6. It is important to note that Plaintiff appears to have been in possession of the evidence that counsel later viewed and prompted her investigation. Plaintiff knew or should have known the facts that gave rise to the newly asserted theories at the time the original complaint was filed. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *Doe v. County of Kern*, 2017 WL 1837280, *3 (E.D. Cal. May 8, 2017). Counsel's failure to conduct an investigation into the relevant underlying facts within Plaintiff's possession does not impact the inquiry. *Bonneau v. SAP America, Inc.*, 2004 WL 2714406, *1 (N.D. Cal. Nov. 29, 2004); *see also Bonin*, 59 F.3d at 845 (A court does not abuse its discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.") Despite Plaintiffs knowledge of the facts underlying the new claims in the proposed amended complaint at the time

3

of filing of the original complaint, she did not file an amended complaint until March 10, 2017. By that time, Plaintiff Oushana's deposition had already been taken. The Magistrate Judge found undue delay. This Court agrees.

C. Prejudice

Lowe's contends that it will be prejudiced by the amendment because the newly alleged claims will increase discovery burdens. The Court agrees with the Magistrate Judge's determination that Defendants would suffer some prejudice at having to depose Plaintiff Oushana for a second time or at being unable to depose Plaintiff Oushana for a second time if she is, as a result of her ailing condition, unable to be deposed. However, Court also agrees with the Magistrate Judge's determination that such prejudice would be mitigated by permitting Defendants to depose Plaintiff Oushana for a second time at Plaintiff's expense if she is able.[1] However, Lowe's suggestion that it would be prejudiced by having to conduct discovery on a broader range of topics due to the broader range of allegations in support of the new claims is not the kind of prejudice contemplated by *Foman*. If Plaintiffs' new causes of action state claims, as some do, the fact that Defendants will be required to conduct discovery regarding those claims does not weigh against amendment because such discovery would not require extension of the discovery cutoff. *Cf. Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("A need to reopen discovery and therefore delay the proceedings supports a … finding of prejudice…."); *Heilman v. Cook*, 2017 WL 727672, *2 (S.D. Cal. Feb. 24, 2017) (finding prejudice only where the discovery period would have to be extended to accommodate discovery on newly alleged claims); *Weeks v. Union Pacific R.R. Co.*, 2017 WL 714368, *7 (E.D. Cal. Feb. 22, 2017) (same); *Ahmed v. Ringler*, 2017 WL 30017, *6 (E.D. Cal. Jan. 4, 2017) (same). Discovery is always costly. The added expense of conducting discovery regarding valid claims is inherent in litigation and not a basis for denial of a motion to amend.

///

///

---

[1] The parties should use all tools at their disposal to minimize the burden upon Plaintiff Oushana, including conducting deposition by videoconference or at a location convenient for Plaintiff Oushana. The costs attendant to such accommodating measures will fall to plaintiff.

D. Futility

The Court may reject a motion for leave to amend if the proposed amendment would be futile. *Carrico v. City & Cty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). A proposed amendment is futile where it would be subject to dismissal if allowed. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650 (9th Cir. 1984) (denying leave to amend complaint where a proposed complaint would continue to fail to state a claim). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *F.D.I.C. v. Twin Development*, *LLC*, 2012 WL 1831639, *6 (S.D. Cal. May 18, 2012) (quoting *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006)).

*i. Products liability causes of action.*

Plaintiffs allege two causes of action for products liability: one for negligent manufacture, design, maintenance, assembly, repair, installation, or service of the Frigidaire refrigerator at issue; the other for strict products liability arising from defective manufacture, design, and warning regarding the Frigidaire refrigerator at issue. Neither defendant contents that amendment on the products liability claims would be futile. Indeed, both causes of action appear to state claims.

*ii. Causes of action sounding in fraud.*

Plaintiffs' allege three misrepresentation-based causes of action (fraud, negligent misrepresentation, and constructive fraud). Under California law, "[t]he elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Patterson v. Bayer Healthcare Pharm.*, *Inc.*, 2015 WL 778997, *12 (E.D. Cal. Feb. 24, 2015); *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003) (citation omitted); *accord Kearns v. Ford Motor Company*, 567 F.3d 1120, 1126 (9th Cir. 2009); Cal. Civ. Code § 1710. The tort of negligent misrepresentation requires the same elements with the exception of intent to defraud. *Small*, 30

Cal.4th at 173. Plaintiffs allege three forms of misrepresentation: affirmative misstatements (i.e. false representations), concealments of material fact, and nondisclosures of material facts when a duty to disclose existed.

As a threshold matter, each of those causes of action is subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Hutchins v. Nationstar Mortgage LLC*, 2017 WL 2021363, *3 (N.D. Cal. May 12, 2017) (citation omitted) (holding that negligent misrepresentation claims sounding in fraud are subject to Rule 9(b)); *Kapu Gems v. Diamond Imports*, 2016 WL 4259119, *11 (N.D. Cal. Aug. 12, 2016) (holding that Rule 9(b) applies to a claim of constructive fraud); *Kearns* 567 F.3d at 1127 (holding that fraudulent nondisclosure or omission must be plead with particularity). "Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.' " *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citation omitted).

First, the Court directs its attention to the alleged affirmative misstatements by Defendant EHP: "Electrolux is a leader in kitchen appliances including food preparation, storage and dishwashing. The Group is the only appliance manufacturer in the world to offer complete solutions for consumer and professionals. Many of the Michelin star restaurants in Europe are equipped with Electrolux professional products"; Electrolux "engages in 'Consumer Driven Innovation'"; "Electrolux's thoughtfully designed products are the result of continuous investment in our customer research to develop products that meet consumer needs." Doc. 12-2 at ¶¶ 57-58. As a matter of law, those highly generalized statements (apparently regarding *all* of the products that Defendant EHP produces) are mere subjective puffery; they are not actionable factual misstatements that can constitute the basis of a fraud claim. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir.1997) (Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely."); *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Service, Inc.*, 911 F.2d 242, 245-246 (9th Cir. 1990); *County of Marin v. Deloitte Consulting LLP*, 836 F.Supp.2d 1030, 1039 (N.D. Cal. 2011). Advertising which boasts in general terms that the products manufactured are superior is not actionable;

advertising which gives specific details regarding product features or that can be numerically assessed and verified could be the proper subject of a fraud claim. *See Cook*, 911 F.2d at 246 (citation omitted) ("[C]onsumer reliance will be induced by specific rather than general assertions.")

The alleged misstatement attributed to Lowe's suffers from the same defects. Lowes makes a general statement regarding *all* of its kitchen appliances: "Our high-performing, time-saving, easy-to-use kitchen appliances help you get the job done right." Doc. 12-2 at ¶ 60. Such a statement is not the appropriate basis for a claim sounding in fraud or misrepresentation. The claims based on misstatements or false representations fail.

Plaintiffs' "actual fraud" and "constructive fraud" claims also suggest fraudulent concealment or fraud by omission—i.e., Defendants knew of the defect that ultimately caused Plaintiffs' injuries and purposely concealed it or failed to disclose it when a duty to do so existed. *See Alvarez v. MTC Fin. Inc.*, 2017 WL 1861844, *4 (N.D. Cal. May 9, 2017) (citation omitted); *Philips v. Ford Motor Company*, 2015 WL 4111448, *8 (N.D. Cal. July 7, 2015). "To be liable for fraudulent concealment under California law, (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Alvarez*, 2017 WL 1861844 at *4. *Philips v. Ford Motor Company*, 2015 WL 4111448, *8 (N.D. Cal. July 7, 2015) To state a claim for fraudulent omission, a plaintiff need not show purposeful suppression or concealment, however, he or she "must allege the omission of a fact the defendant was obliged to disclose … [and] allege that [the] defendant was aware of the defect at the time of the sale." *Philips*, 2015 WL 4111448 at *8 (citing, *inter alia*, *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 835 (Cal. Ct. App. 2006)). A manufacturer has an obligation to disclose any known safety-related defect. *Philips*, 2015 WL 4111448, *8 (quoting *Wilson v. Hewlett-Packard Co.* 668 F.3d 1136, 1141 (9th Cir. 2012)).

Here, Plaintiffs allege that Defendants EHP and Lowe's both knew at the time of the sale that the Frigidaire model refrigerator at issue had leakage issues that could not be repaired and they failed to disclose that fact to Plaintiffs.[2] Doc. 12-2 at ¶¶ 52, 55, 61. A refrigerator leaking water could be a safety hazard. *See, e.g., Johns-Manville Sales Corp. v. Workers' Comp. Appeals Bd.*, 96 Cal.App.3d 923, 933-934 (Cal. Ct. App. 1979); *see also Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (Although not a basis for a Section 1983 claim, "slippery floors constitute a daily risk faced by members of the public at large.")

With specific regard to the concealment claim, Plaintiffs allege that "Defendants and each of them actively concealed the defects, including the defect of leakage, by continuing to send mechanics to repair the subject refrigerators, knowing there was no fix to the problem, instead of recalling the line of Frigidaire models utilizing this mechanism." Doc. 12-2 at ¶ 64.

In Defendant Lowe's objections to the findings and recommendations, it suggests that Plaintiffs' fraud claims all fail because the proposed amended complaint "does not contain any allegations that Lowe's made any representations or intended to defraud … the public." Doc. 20 at 7. Defendant Lowe's is mistaken. Although the allegation is not made with particularity, conditions of the mind (such as intent) need not be. Plaintiff alleges: "Defendants, and each of them intended consumer to rely on the misrepresentations of the equality of Frigidaire-brand refrigerators." Doc. 12-2 at ¶ 56. For the omission claim, there is no active conduct on the part of either defendant that requires separate identification with particularity. In combination with the allegations of knowledge of and omissions regarding the water leakage defect, Plaintiffs generally allegation of intent to defraud is sufficient.

Plaintiffs do not allege that they were unaware of the propensity for the refrigerator to leak nor do they allege that they would have acted any differently if they had known. In an action nearly on all fours with this case, *Clark v. LG Electronics U.S.A., Inc*, 2013 WL 5816410, *6 (S.D. Cal. Oct. 29, 2013), the district court addressed the reliance that must be pled in cases of

---

[2] Plaintiff's allegation that Defendants knew that the refrigerator model leaked are premised in part on a request for judicial notice of a complaint in a different action that the Magistrate Judge correctly determined not to be judicially noticeable. The allegation was also partially based on alleged customer maintenance orders and complaints posted on Lowe's website. Doc. 12-2 at ¶¶ 52, 55, 61.

fraudulent omission. It explained that "actual reliance may be presumed … when the alleged omissions are material." *Clark*, 2013 WL 5816410 at *6 (citing *In re Tobacco II Cases*, 46 Cal.4th 298, 328 (2009)). The court required only an allegation that the plaintiff would have acted differently had she known all of the facts; in other words, "reliance may be established by [the defendant's] alleged failure to disclose at the point of purchase the alleged defects which, if true, would seem to negate the inherent purpose of the product." *Clark*, 2013 WL 5816410 at *6. The Court agrees with the reasoning of *Clark*. It stands to reason that a customer would not purchase a refrigerator that is known to leak if that defect were made known.[3]

Plaintiffs have complied with the heightened pleading standards of rule 9(b): They have alleged the "who" (Defendants EHP and Lowe's); the "what" (knowing about yet failing to disclose to customers at the point of sale that the refrigerator had irreparable leakage issues); the "when" (at the time of purchase or at the time of delivery); and the "where" (at the Lowe's branch where the refrigerator was sold and at Plaintiff Oushana's home on the date of deliver) of the alleged misconduct. The allegations are sufficient to allow Defendants to prepare an answer. . *See Velasco v. Chrysler Group LLC*, 2014 WL 4187796, *5 (C.D. Cal. Aug. 22, 2014); *Macdonald v. Ford Motor Co.*, 37 F.Supp.3d 1087, 1096 (N.D. Cal. 2014). Plaintiffs' motion to amend is not futile as to their fraudulent concealment / omission claim.

Insofar as Plaintiffs' negligent misrepresentation cause of action depends on the alleged false representations that this Court has determined not to state a claim for fraud because they constitute opinion or mere puffery, Plaintiff's negligent misrepresentation claim also fails to state a claim. Insofar as Plaintiffs negligent misrepresentation cause of action is based on concealment or omission, it fails to state a claim because "negligent misrepresentation, [unlike intentional misrepresentation,] requires a 'positive assertion'[;] 'omissions'—that is, nondisclosures—cannot give rise to liability for negligent misrepresentation." *Mitsui O.S.K. Lines Ltd.*, 913 F.Supp.2d 780 (N.D. Cal. 2012) *rev'd in part on other grounds* 618 Fed.Appx. 304 (9th Cir. 2015); *Lopez v. Nissan N. Am., Inc.*, 201 Cal.App.4th 572, 596, 135 Cal.Rptr.3d 116

---

[3] It is of no import that the Plaintiffs did not purchase the refrigerator. In actions involving damages for physical injury, a plaintiff may sue for a fraud perpetrated against a third party. *See Randi W. v. Muroc Joint Unified School Dist.*, 14 Cal.4th 1066, 1085 (1997).

(Cal.Ct.App. 2011) (noting that claim for negligent misrepresentation cannot be based on an omission, but claim for intentional misrepresentation can). Amendment regarding Plaintiffs' claim for negligent misrepresentation would be futile.

*iii. Breach of warranty of fitness*.

Defendant Lowe's contends that Plaintiffs' breach of warranty claim fails because there is no vertical privity between Plaintiffs and Defendants. The Magistrate Judge correctly concluded that vertical privity is a requirement for a breach of warranty of fitness claim. Doc. 18 at 10 (citing *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal.App.3d 1431, 1441 (Cal.Ct.App. 1991); *Tapia v. Davol, Inc*. 116 F.Supp.3d 1149, 1160 (S.D. Cal. 2015).

An exception to the privity requirement under California law exists for third-party beneficiaries. *Gilbert Financial Corp. v. Steelform Contracting Co.*, 82 Cal.App.3d 65, 69 (Cal.Ct.App. 1978); *see Roberts v. Electrolux Home Products, Inc*., 2013 WL 7753579, *10 (C.D. Cal. 2013). The Magistrate Judge essentially recognized that exception when he found that "there are sufficient facts in the second amended complaint to suggest privity between Plaintiff Oushana and Defendants." Doc. 18 at 11. The Court agrees with the Magistrate Judge's conclusion that Plaintiff' Oushana's breach of the implied warranty of fitness claim does not fail for lack of privity. The same is not true of Plaintiff Karamian who was a guest in Plaintiff Oushana's home on the day of the accident. Plaintiff Karamian cannot state a claim for breach of the implied warranty of fitness. Allowing amendment as to Plaintiff Karamian would be futile.

E. Bad Faith

The magistrate judge concluded that Plaintiffs' attempt to amend is not taken in bad faith. The objections raise no valid grounds for departure from that conclusion.

F. Conclusion

Although Plaintiffs did unduly delay in filing their motion to amend, the Court finds that some of Plaintiffs' new causes of action state claims, the amendments are not made in bad faith, and any prejudice to Defendants can be mitigated by shifting the added costs of discovery resulting from delay in amendment to Plaintiffs. Undue delay, standing alone, is not a basis for denial of a motion to amend. *DCD Programs, Ltd.*, 833 F.2d at 186; *United Tactical Systems,*

*LLC v. Real Action Paintball, Inc.*, 2017 WL 1833201 (N.D. Cal. May 8, 2017); *Adan v. Insight Investigation, Inc.*, 2017 WL 1387243 (S.D. Cal. Apr. 18, 2017).

Defendant EHP seeks clarification regarding the conclusion recommended by the magistrate judge—allowing the filing of a second amended complaint—in light of the Magistrate Judge's findings that Plaintiffs unduly delayed and failed to state a claim. In light of the foregoing discussion, that concern is now moot.

///

///

///

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed April 7, 2017, is ADOPTED IN PART;
2. Plaintiff's motion for leave to file a second amended complaint, filed March 10, 2017, is GRANTED as follows:
   A. Plaintiff Oushana and Karamian may include in the amended complaint claims for general negligence, products liability (negligence liability), products liability (strict liability), and fraud claims based on concealment / omission as set forth in the proposed second amended complaint (Doc. 12-2);
   B. Plaintiff Oushana may include in the amended complaint a claim for breach of implied warranty of fitness;
3. Plaintiff's motion for leave to file a second amended complaint is DENIED as follows:
   A. Plaintiffs may not file claims for fraud based on false representation;
4. If Plaintiffs choose to file a second amended complaint adding their new causes of action, Defendants are entitled to depose Plaintiff Oushana a second time at her expense;
5. If Plaintiffs still seek to file a second amended complaint, they shall file a second amended complaint within ten (10) days of the date of service of this order; and
6. Defendants shall have twenty-one (21) days from the date Plaintiffs file the second amended complaint to file a responsive pleading.

IT IS SO ORDERED.

Dated: June 5, 2017

_____
SENIOR DISTRICT JUDGE