# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA OUSHANA, an individual; and SCARLET KARAMIAN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S COMPANIES, INC.,, a North Carolina corporation; LOWE'S HIW, INC., a California corporation; ELECTROLUX NORTH AMERICA, INC., a North Carolina corporation <br><br> Defendants. | CASE NO. 1:16-cv-01782-AWI-SAB <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STRIKE** |

## I. Introduction

Plaintiffs Nora Oushana and Scarlet Karamian filed a second amended complaint on June 15, 2017. Plaintiffs allege causes of action for (1) general negligence, (2) products liability – negligence, (3) products liability – strict liability, (4) fraud – concealment, and (5) breach of implied warranty of fitness." Doc. 22 ("SAC") at 1. Plaintiffs seek "statutory, compensatory, and punitive damages." SAC at 13. Defendants Lowes and Electrolux move to dismiss the fourth cause of action for fraud and strike the demand for punitive damages.

For the following reasons, Defendants' motion to dismiss will be granted in part and Defendants' motion to strike will be denied.

**II. Background**

A. Installation of the refrigerator and Plaintiffs' injuries resulting therefrom

Plaintiff Nora Oushana lives in Turlock, California. SAC at ¶ 7. Plaintiff Oushana's daughter, Sabrina Oushana, purchased a refrigerator for her mother from Defendant Lowe's. SAC at ¶ 8. On August 27, 2014, Plaintiff Scarlet Karamian came to help Plaintiff Oushana empty her old refrigerator and fill the new refrigerator upon its arrival. SAC at ¶ 9. On the same date, two Lowe's employees arrived at Plaintiff's house in the late morning or early afternoon to deliver and install the new refrigerator. SAC at ¶ 10. The installation took roughly twenty minutes. SAC at ¶ 11.

Plaintiff Karamian left Plaintiff' Oushana's house to purchase lunch for the two. SAC at ¶ 12. While Plaintiff Karamian was out, Plaintiff Oushana heard a noise coming from the kitchen "which she has described [as sounding] similar to a teapot boiling over." SAC at ¶ 13. Plaintiff Oushana walked into the kitchen, using her walker, slipped on water leaking from the refrigerator, and fell to the floor, hitting her right side. SAC at ¶ 13. After the fall, she could not get back to her feet. SAC at ¶ 13. While on the floor, Plaintiff Oushana observed the refrigerator continue to leak. SAC at ¶ 13.

Sometime shortly thereafter, Plaintiff Karamian returned to find Plaintiff Oushana on the kitchen floor in a pool of water. SAC at ¶ 14. Plaintiff Karamian was unable to help Plaintiff Oushana back to her feet. SAC at ¶ 14. Plaintiff Karamian instead attempted to move the refrigerator out and unplug it in order to prevent any possible electric shock to Plaintiff Oushana. In trying to do so, Plaintiff Karamian injured her lower back. SAC at ¶ 14. Realizing that she and Plaintiff Oushana needed assistance, Plaintiff Karamian sought help from Plaintiff's Oushana's neighbor, Jacob Evanoff. SAC at ¶¶ 14-15. Mr. Evanoff helped Plaintiff Oushana off of the floor, moved the refrigerator, and tended to Plaintiffs. SAC at ¶ 15.

On the same date, Plaintiff's daughter reported the fall and the leaking refrigerator to Lowe's. SAC at ¶ 16. Several hours later, Lowe's employees arrived at Plaintiff Oushana's house, took the leaking refrigerator and replaced it with a different refrigerator. SAC at ¶ 16. Plaintiff Oushana indicates that the replacement refrigerator looked like the same model as the

leaking refrigerator. SAC at ¶ 16.

On the day of her fall, Plaintiff Oushana was taken to an urgent care facility in Turlock for treatment. SAC at ¶ 17. In the weeks following her fall, Plaintiff Oushana continued to experience pain and weakness on her right side. SAC at ¶ 19. In fact, approximately one week after her fall, Plaintiff Oushana fell again as a result of weakness in her right leg. SAC at ¶ 19. In the second fall, Plaintiff Oushana further injured her right arm and leg. SAC at ¶ 19. She went to the hospital after her second fall. SAC at ¶ 20. Plaintiff Oushana had a "significant fracture" in her right arm. SAC at ¶ 21. Plaintiff Oushana's arm was casted and she was held at the hospital for one week before being released to a rehabilitation center for three weeks. SAC at ¶ 21. After discharge from the rehabilitation center, Plaintiff Oushana received six weeks of in-home physical therapy. SAC at ¶ 21. "Plaintiff Oushana's right arm is permanently disfigured and disabled from the break." SAC at ¶ 22.

Plaintiff Karamian began to suffer back pain after attempting to move the refrigerator and help Plaintiff Oushana from the floor. SAC at ¶ 18. She has sought treatment for that pain. SAC at ¶ 18.

B. Defendants' prior knowledge regarding defects

Plaintiffs allege that "Defendants Lowe's and Electrolux … were aware of consumer complaints and lawsuits involving Frigidaire refrigerators" in which it was alleged that the refrigerators leaked. SAC at ¶ 23. Plaintiffs further allege that "Defendants concealed th[o]se facts." SAC at ¶ 23. Specifically, Plaintiffs allege that, rather than disclose the defect, Defendant Electrolux "made claims that they are a leader in kitchen appliances…." SAC at ¶ 24. Further, Defendants Electrolux and Lowe's "continued to advertise the products as good and effective products." SAC at ¶ 25. Finally, Defendants "failed to recall the product" even though "it was known to leak." SAC at ¶ 26.

**III. Discussion**

A. Proper procedural device for challenging a demand for punitive damages.

Defendants move to dismiss Plaintiffs' fraud claim. Plaintiffs' punitive damages demand is premised upon their fraud claim. Assuming that the Court will grant their motion to dismiss,

Defendants ask the Court to strike Plaintiff's demand for punitive damages as "impertinent." Doc. 27 at 12. Assuming that there is no proper basis for punitive damages, a motion to strike is not the proper vehicle to challenge the sufficiency the demand.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. Rule Civ. Proc. 12(f). The Ninth Circuit has stated that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). Rule 12(f) may not be used to strike a request for punitive damages. *See, e.g. Estate of Prasad ex rel. Prasad v. County of Sutter*, 958 F. Supp. 2d 1101, 1128 (E.D. Cal. 2013), *Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, 2015 U.S. Dist. LEXIS 96331, *5, 2015 WL 4496349 (E.D. Cal. July 23, 2015). The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6). However, "where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." *Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020–21 (N.D. Cal. 2009). The motion to strike punitive damages will be considered as though it was properly brought as a motion to dismiss for failure to state a claim upon which relief can be granted.

B. Legal standard for a motion to dismiss for failure to state a claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most

4

favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

C. Plaintiff's Fraud Cause of Action

Plaintiffs' fourth cause of action alleges that Defendants Lowe's and Electrolux both fraudulently concealed and/or failed to disclose when there was a duty to disclose, that defects existed in the line of Frigidaire brand refrigerators that caused Plaintiffs damages. Defendants contend that Plaintiffs have (1) inadequately identified the allegedly fraudulent conduct attributable to each defendant, instead inappropriately grouping the two together; (2) failed to adequately allege facts to satisfy four of the five elements of their cause of action; and (3) failed to state a claim with particularity as required by Rule 9(b).

As the court set out in its prior order, "[t]o be liable for fraudulent concealment under California law, (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Oushana v. Lowe's Home Centers, LLC*, 2017 WL 2417198, *4 (E.D. Cal. June 5, 2017) (quoting *Alvarez v. MTC Financial, Inc.*, 2017 WL 1861844, *4 (N.D. Cal. May 9, 2017)); *Linear Technology Corp v. Applied Materials, Inc.*, 152 Cal.App.4th 115, 131 (Cal. Ct. App. 2007). To state a claim for fraudulent omission, a plaintiff need not show purposeful suppression or concealment, however, he or she "must allege the omission of a fact the defendant was obliged to disclose … [and] allege that [the] defendant was aware of the defect at the time of the sale." *Philips*, 2015 WL 4111448 at *8 (citing*, inter alia*, *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 835 (Cal. Ct. App. 2006)).

This Court further made clear in granting leave to amend that Plaintiffs' claims for

fraudulent concealment and fraud by omission are "subject to the particularity requirement[] of Federal Rule of Civil Procedure 9(b)." *Oushana v.*, 2017 WL 2417198 at *3 (citations omitted); *accord Woodard v. Labrada*, 2017 WL3309765, *7-8 (C.D. Cal. July, 31 2017). Generally, "Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.'" *Id.* (citing *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). However, "[a] fraud by omission or fraud by concealment claim 'can succeed without the same level of specificity required by a normal fraud claim.'" *Woodard*, 2017 WL 3309765 at * 8 (quoting *Baggett v. Hewlett-Packard Co.*, 582 F.Supp.2d 1261, 1267 (C.D. Cal. 2007) ("[I]t is clear that a plaintiff in a fraudulent concealment suit will not be able to specify the time, place, and specific content of an omission" "[b]ecause such a plaintiff is alleging a failure to act instead of an affirmative act ....")) For instance, a plaintiff alleging fraudulent concealment need not allege *when* a failure to disclose a fact required to be disclosed took place—the duty to disclose would be ongoing and unsatisfied.

*1. Identification of Alleged Fraudulent Misconduct by Each Defendant*

Generally, Plaintiffs allege that Defendants Lowe's and Electrolux were both aware that the "Frigidaire model refrigerator" was defective in a way that "each of them knew or should have known caused the product to leak water." SAC at ¶ 49. Plaintiffs allege that both Defendants were placed on notice when "complaints for maintenance [were] filed by customers and negative reviews [were] publicly posted on Defendant Lowe's website." SAC at ¶ 50.[1] Further, Plaintiffs contend that the volume and similar nature of litigations commenced prior to the delivery date of the refrigerator placed Defendants on notice of the existence of the defect— that the refrigerator leaked water. SAC at ¶¶ 51-52.

At no point did Defendants disclose to the public, to Plaintiff Oushana's daughter during purchase, or to Plaintiff Oushana during the delivery of the refrigerator that the refrigerator

---

[1] Plaintiffs' allegations regarding Defendants' knowledge of the alleged defect are inadequately pled as detailed in *Section III(c)(3)*, *infra*.

model was known to leak. *See* SAC at ¶¶ 54-56. Instead, "Defendants … actively concealed the defects … by continuing to send mechanics to repair the subject refrigerators, knowing there was no fix for the problem." SAC at ¶ 57. Plaintiffs contend that Defendants should have "recall[ed] the line of" refrigerators. SAC at ¶ 57.

The Ninth Circuit has summarized the pleading requirements where a plaintiff contends that it has been defrauded by more than one defendant:

> First, there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant. "Participation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result." *Beltz Travel Service, Inc.* [*v. Int'l Air Transp. Ass'n*], 620 F.2d [1360,] 1367 [(9th Cir. 1980)]. On the other hand, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998) (citation, quotation omitted). In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989).

*Swartz v. KPMG LLP*, 476 F.3d 756, 764–965 (9th Cir. 2007); *accord Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). In interpreting the Ninth Circuit's instruction, district courts have found allegations regarding the role of multiple defendants to be sufficient where the plaintiff alleged that the defendants: "worked in concert as parent and subsidiary entities in the marketing and selling" of the injury causing good, *Brown v. Dynamic Pet Products*, 2017 WL 4690125, *3 (S.D. Cal. Oct. 18, 2017); *accord Sussex Fin. Nters. V. Bayerische Hypo-Und Vereinsbank AG*, 2010 WL 94272, *3 (N.D. Cal. Jan. 6, 2010),[2] acted "jointly in the design, manufacture, marketing, sale, and distribution of" goods, *Collazo v. Wen by Chaz Dean, Inc.*, 2015 WL 4398559, *6 (C.D. Cal. July 17, 2015) (internal quotation marks omitted), engage in corporate fraud where it may be "difficult to attribute particular fraudulent conduct to each defendant as an

---
[2] The *Sussex* court also emphasized that the "lumped" defendants were each represented by the same counsel so there was a lesser likelihood of inadequate notice to each defendant. *Sussex*, 2010 WL 94272 at *3.

7

individual" but the matters pleaded are "within the knowledge of the [defendants]," *Munning v. Gap, Inc.*, 2016 WL 6393550, * 3 (N.D. Cal. Oct. 28, 2016) (quoting *Moore v. Kayport Package Express*, *Inc.*, 855 F.2d 531, 540 (9th Cir. 1989). Collective allegations of fraud have also been found permissible where defendants are alleged to have "engaged in precisely the same conduct." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).[3]

      Plaintiffs allege that both defendants were in receipt of "complaints by purchasers" that the "Frigidaire model refrigerators … were defective" because they "leaked water and failed to make ice." SAC at ¶ 52. Plaintiffs also allege that both defendants "continu[ed] to send mechanics to repair the subject refrigerators, knowing there was no fix to the problem, instead of recalling the line of Frigidaire models using" the faulty mechanism. SAC at ¶ 57. Both Defendants knew of the defect, both had an obligation to disclose the defect, and both failed to do so. *See* SAC at ¶¶ 50-57. Plaintiffs allege that both Defendants engaged in the same wrongful conduct. The roles of both in the fraud are alleged—they are simply the same. Plaintiffs' allegations place both Lowe's and Electrolux on notice of their allegedly wrongful conduct such that each can adequately answer. *See Neubronner v. Miliken*, 6 F.3d 666, 671-672 (9th Cir. 1993). Additionally, because both are represented by the same counsel and the allegations in the complaint are within the knowledge of defendants (e.g., which defendant conducted repairs, how complaints regarding defects were processed), there is little concern that the collective allegations will frustrate notice. *See Sussex*, 2010 WL 94272 at *3.

///

///

*2. Failure to Disclose a Material Fact*

      Defendants contend that Plaintiffs failed to adequately allege the nature of the defect in

---

[3] The kind of "lump[ed] together" pleading that Rule 9(b) seeks to avoid occurs when multiple defendants are all identified as making a single fraudulent misstatement or inducing a plaintiff to take some action. *See, e.g., Maksoud v. Guelton*, 2017 WL 2505887, *6 (S.D. Cal. June 9, 2017) (Defendants 1, 2, 3, and 4 "convinced Plaintiff to invest $250,000.00 into [defendant corporation.]"); *Powell v. Wells Fargo Home Mtg.*, 2017 WL 840346, *14 (N.D. Cal. Mar. 3, 2017) (finding allegations inadequate to satisfy Rule 9(b) when they arbitrarily lump together different alleged acts by two separate banks to achieve the same fraudulent objective); *Johnson v. Mazza*, 2017 WL 663153, *6 (C.D. Cal. Feb. 17, 2017) (Allegations are in appropriately lumped where plaintiff alleges that Defendants 1, 2, and 3 "represented that they would generate a minimum of $5 million … in three years.")

8

the refrigerator. Namely, Plaintiffs did not expressly allege that the refrigerator purchased was the same model as the refrigerators complained of on Lowe's website and in the actions against Electrolux. Doc. 27 at 6. The reasoning goes that Defendants' failure to disclose that some refrigerator models leak was not a material omission if the refrigerator model purchased did not suffer from the same defect. Defendants further contend that Plaintiffs have "pointed to [no] omission of fact." Doc. 27 at 7.

Simply put, Plaintiff is not required to allege the model number or series of refrigerator. Plaintiffs allege that defendants knew that the refrigerator model that plaintiff purchased leaked. SAC at ¶ 50.[4] Plaintiffs allege that Defendants were aware of the defect (the propensity to leak) based on a history of consumer complaints with the same or similar models using the same ice maker. SAC at ¶¶ 50-53. Plaintiffs have alleged what Defendants did that was false or misleading—selling a refrigerator with a known, safety-related defect without disclosing the defect. *See Lassen v. Nissan North America, Inc*., 211 F.Supp.3d 1267, 1286-1287 (C.D. Cal. Sept. 30, 2017) ("[S]afety-related defects are considered sufficiently material to trigger a duty to disclose….") At this stage, Plaintiff's allegations suffice to establish that the alleged omission was sufficiently material.

Next, Defendants appear to believe that "because Plaintiff's claims are based on inadmissible hearsay," namely consumer complaints, that they are improperly alleged. Doc. 27 at 7. Defendants' contention is unavailing. At the pleading stage, Plaintiff is not required to prove anything—Plaintiffs need no admissible evidence.[5] *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (Generally a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") A complaint is not insufficiently pled merely because it refers to or relies on inadmissible statements.

*3. Duty to Disclose*

Defendant contends that it owed no duty of disclosure to Plaintiffs because no fiduciary

---

[4] Again, as will be discussed in *Section III(c)(3)*, *infra*, Plaintiff's allegations regarding Defendants' knowledge otherwise fail as inadequately pled.

[5] Indeed, even at summary judgment, evidence in a form inadmissible at trial may be considered so long as the party satisfies the requirements of Rule 56. *Block v. City of Los Angeles*, 253 F.3d 410, 418-419 (9th Cir. 2001).

9

relationship existed between the parties. Defendant is correct that no fiduciary or confidential relationship existed between the parties.[6] However, under California law, even where no fiduciary relationship exists between the parties, a duty to disclose a can arise in the context of a commercial seller selling a good to the public when: (1) there is a known defect in a consumer product and there are safety concerns associated with the product's use; (2) the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff; and (4) the defendant makes partial representations but also suppresses some material facts. *In re MyFord Touch Consumer Litigation,* 46 F.Supp.3d 936, 958–59 (N.D. Cal. 2014) (quoting *Smith v. Ford Motor Co.,* 749 F.Supp.2d 980, 987–88 (N.D. Cal. 2010)); *see Williams v. Yamaha Motor Co. Ltd.,* 851 F.3d 1015, 1025-1026 (9th Cir. 2017); *Wilson v. Hewlett–Packard,* 668 F.3d 1136, 1141 (9th Cir.2012) (A manufacturer has a duty to disclose any known defects that may present a "safety issue."); *Elias v. Hewlett-Packard*, 950 F.Supp.2d 1123, 1135 (N.D. Cal. 2013).[7] Each of those theories requires a plaintiff to allege facts from which an inference can be drawn that a defendant had knowledge of the danger posed by the good sold prior to the sale.

    a. Safety Defect and Defendants' Knowledge Thereof

The refrigerator sold in relation to this action is undoubted a consumer product. As the Court indicated in its prior order, a refrigerator that leaks water could easily be considered a safety hazard. Doc. 21 at 8 (citing, *inter alia*, *Johns-Manville Sales Corp. v. Workers' Comp. Appeals Bd.*, 96 Cal.App.3d 923, 933-934 (Cal. Ct. App. 1979). However, the Complaint does not identify the dates upon which any of the consumer complaints were filed, *see Wilson v. Hewlett-*

---

[6] "A 'fiduciary relationship' is a recognized legal relationship such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client, whereas a 'confidential relationship' may be founded on a moral, social, domestic, or merely personal relationship as well as on a legal relationship. [citation.] 'Fiduciary' and 'confidential' have been used synonymously to describe 'any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party.'" *Hardisty v. Moore*, 6 F.Supp.3d 1044, 1061 n. 11 (S.D. Cal. 2014); see Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d 197, 221 (1983) (refusing to recognize fiduciary relationship between commercial sellers and retail purchasers of breakfast cereals despite sellers' superior bargaining power and better access to information).

[7] Defendants suggest that because Plaintiffs did not expressly identify in the complaint that the fourth cause of action relies in part upon a California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., theory that CLRA duties cannot now be relied upon. Doc. 27 at 7. Plaintiffs identified the facts giving rise to the claim. That is all that is required under federal notice pleading rules.

*Packard Co.*, 668 F.3d 1136, 1147-1148 (9th Cir. 2012) (affirming a district court's dismissal where the customer complaints were undated); *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, *4-5 (N.D. Cal. 2010), or the names or natures of the "multiple actions" filed regarding the alleged defects. *Cf. Williams*, 851 F.3d at 1026-1027 (A plaintiff adequately alleges defendant's prior knowledge where it gives "at least approximate timing for the complaints, and explained in detail how those complaints were lodged, how [the defendant] responded, and the mechanism through which information travelled from consumers to [defendant's] management."); *Cirulli v. Hyundai Motor Co.*, 2009 WL 5788762 (C.D. Cal. June 12, 2009). Plaintiff has not adequately alleged that Defendants knew that the refrigerator was defective prior to the sale to Plaintiff Oushana's daughter.[8] As alleged, it is not clear that Defendants had knowledge of a defect such that they owed a duty to disclose.

### b. Duty to Plaintiffs as Non-Purchasers of the Refrigerator

Defendants further argue, assuming that a duty to disclose generally exists, that no duty was owed to Plaintiffs because neither purchased the refrigerator. Doc. 27 at 8. In its prior order, the Court explained that "[i]t is of no import that the Plaintiffs did not purchase the refrigerator. In actions involving damages for physical injury, a plaintiff may sue for a fraud perpetrated against a third party." *Oushana*, 2017 WL 2417198 at *5 n.3 (citing *Randi W. v. Muroc Joint Unified School Dist.*, 14 Cal.4th 1066, 1085 (1997)). Defendants now contend that *Randi W* is distinguishable because it involved incidents of affirmative misrepresentation and this action involves alleged fraudulent concealment or omission. Defendants' position has some merit.

In *Randi W.*, a minor plaintiff sued her school district and other school districts after she was molested by a vice principal. *Randi W.*, 14 Cal.4th at 1071. The other school districts had previously employed the vice principal and wrote letters of recommendation on his behalf, failing to disclose his history of sexual misconduct. *Randi W.*, 14 Cal.4th at 1071. The defendant prior employer districts made affirmative false representations (and "misleading half-truths") to

---

[8] The Court does not suggest that a plaintiff must *always* detail in its complaint the precise dates of all consumer complaints or other civil actions filed. However, in this action, Plaintiffs allege that the complaints placing Defendants on notice were lodged on Defendants' public website(s). *See Williams*, 851 F.3d at 1027-1028 (excusing a plaintiff from providing "specific names and dates for consumer complaints" where the plaintiff alleged that the defendant had created an internal system for resolution of consumer grievances).

11

the minor plaintiff's school district that created a serious risk of injury to plaintiff and others in plaintiff's position. The *Randi W.* court emphasized that the fact that the letters "amount[ed] to … affirmative misrepresentation[s] presenting a foreseeable and substantial risk of physical harm to a third person." *Randi W.*, 14 Cal.4th at 1069 (emphasis in original). In that context, the court found that the minor plaintiff need not plead her own reliance on the misrepresentations by the defendant prior employer school districts. *Randi W.*, 14 Cal.4th at 1071, 1085.

In this instance, Plaintiffs have alleged no affirmative false representation by Defendants regarding the propensity of the refrigerator to leak. That said, the Court does not find Defendants' distinction to be dispositive. In *Randi W.*, the defendants had no affirmative duty to disclose the known danger to the plaintiff or to the school district where she attended. *See Randi W.,* 14 Cal. 4th at 1078. However, a duty to avoid "misrepresentation" or "misleading half-truths" arose when the defendant school districts elected to write the letters of recommendation.

In this case, Plaintiff pursues a theory that defendant had an obligation to disclose (or at least not conceal) known defects that impact the safety of the product. Plaintiffs Oushana, as the intended user of the product, is certainly a member of the class to be protected by requiring Defendants to disclose known defects that impact the safety of the refrigerator. *See also Grimshaw v. Ford Motor Co.*, 119 Cal.App.3d at 814 (affirming claims for products liability, authorizing exemplary damages, based on defendant's knowledge of the defect prior to sale that cause physical harm to others). A duty was owed to Plaintiff Oushana.

*4. Reliance*

Defendants contend that Plaintiffs have failed to show that they relied "upon a specified concealed material fact" because neither purchased the refrigerator. Doc. 27 at 5. Plaintiffs acknowledge that they did not purchase the refrigerator or "research the product prior to it being bought and installed" in Plaintiff Oushana's house. Doc. 30 at 9. Instead, Plaintiffs' theory of reliance is that Plaintiff Oushana relied "on the reputation of Lowe's," Doc. 30 at 9, and "accepted installation of the refrigerator in [Plaintiff Oushana's home]" because Defendants failed to disclose the defect—that the refrigerator leaked or was likely to leak. SAC at ¶ 54.

1       Plaintiff's theory certainly fails as to Defendant Karamian. She did not accept delivery or installation; the refrigerator was not for use in her home.

      In the fraudulent omission context, Plaintiff Oushana's allegation may be sufficient as to her reliance. *Boschma v. Home Loan Ctr., Inc*., 198 Cal. App. 4th 230, 250-51 (2011). If Plaintiff had been told that the refrigerator leaked at the time of installation, as she alleges was required, she would not have accepted delivery and installation of it.

      Moreover, Plaintiff is not required to allege direct reliance. *Randi W.*, 14 Cal.4th at 1085; *cf. Thomas v. Country Villa Service Corp.*, 2016 WL 4538426, *11 (Cal. Ct. App. Aug. 31, 2016) (unpub.) (refusing to apply *Randi W.* to circumvent the reliance requirement because "there [was] no equivalent substantial and foreseeable risk of physical injury"). In the same way that the plaintiff in *Randi W.* was a member of the class of persons to be protected by the duty to disclose, Plaintiff Oushana, as the intended user of the refrigerator can show reliance if she or her daughter would not have purchased the refrigerator if they had known of the defect. *See Id*.

*5. Conclusion*

      For the reasons identified herein, Defendants' motion to dismiss Plaintiffs' fraud cause of action will be granted.

D. Plaintiffs' Claim for Punitive Damages

      Despite the fact that Plaintiffs' failed to adequately allege their fraud claim, the facts alleged suggest a claim for products liability based on Defendants' knowledge of the existence of a defect prior to sale of the refrigerator. *See Grimshaw v. Ford Motor Co.*, 119 Cal.App.3d 757, 802, 814 (Cal. Ct. App. 1981). Indeed, Plaintiff's second cause of action, which Defendants do not challenge, alleges as much. SAC at ¶ 39 ("Defendants knew of the defect and failed to warn consumers….") Such a claim can give rise to exemplary damages pursuant to California Civil Code section 3294. *Grimshaw*, 119 Cal.App.3d at 809-810; *accord Romo v. Ford Motor Co.*, 99 Cal.App.4th 1115, 1144-1145 (Cal. Ct. App. 2002), *on r'hrg* 113 Cal.App.4th 738, 750 (Cal. Ct. App. 2003).

Dismissal of Plaintiffs' demand for punitive damages is not appropriate. Defendants' motion to strike (construed as a motion to dismiss) punitive damages will be denied.

E. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely when justice so requires. The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). In addition, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001). Absent prejudice, or a strong showing of any of the remaining factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id*. Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999).

Plaintiffs indicated in their opposition that they "intend to file a third amended complaint" because, "in preparing th[eir] opposition," they "discovered additional causes of action which relate back to the filing of the initial action." Doc. 30 at 13. Specifically, Plaintiffs now seek to include a separate cause of action for violation of the CLRA, a cause of action for violation of California's unfair competition law, and a cause of action for breach of express warranty. Doc. 30 at 13. Plaintiffs have not actually filed any motion to amend. As a result, the Court determines whether amendment will be permitted as to Plaintiff's fraud cause of action, not as to the new proposed causes of action.

There is no indication that Plaintiffs' counsel's delayed in filing an amended complaint in bad faith. At this stage, amendment would cause not cause undue delay. Although the discovery period has already closed (a motion is now pending to reopen discovery), amending the complaint to state a fraud claim would not expand the scope of the discovery required beyond

14

that which was already required—amendment should not require extension of the discovery period.⁹ As noted in the above discussion, allegation of additional facts could save Plaintiff Oushana's fraud claim. Finally, a final attempt at amendment would not unfairly prejudice defendant. *See Neal v. California City*, 2015 WL 4227466, *12 (E.D. Cal. July 10, 2015) (permitting amendment after resolution of a motion for summary judgment).

Plaintiffs will be granted leave to amend only as to Plaintiff Oushana's fraud by concealment or fraud by omission claim.¹⁰

### IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss Plaintiffs' fourth cause of action is GRANTED for the reasons detailed herein;
2. Defendants' motion to dismiss or strike Plaintiffs' demand for punitive damages is DENIED;
3. Plaintiffs will be afforded one final opportunity to amend their complaint, only as to Plaintiff's fraud by omission or concealment claim. Any such amended complaint must be filed within 21 days of the date of this order.

IT IS SO ORDERED.

Dated:   November 2, 2017              _____
                                        SENIOR DISTRICT JUDGE

---

⁹ Allowing new causes of action would likely necessitate reopening discovery. Further, Plaintiffs would need to overcome the appearance of an absence of diligence in amending their complaint to extend the discovery period. *See, e.g.*, *Manriquez v. City of Poenix,* 654 Fed.Appx. 350, 351 (9th Cir. 2016) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

¹⁰ The Court would note that, to the extent that Plaintiffs pursue a fraud theory to obtain punitive or exemplary damages, such damages could be obtained through Plaintiff's products liability claim based on Defendants' actual knowledge of defect prior to the sale of the refrigerator.

15